IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN E. WALL,                       )
                                    )
            Plaintiff,              )
                                    )
       v.                           )    1:06CV1049
                                    )
MS. JOHNSON, et al.,[1]             )
                                    )
            Defendants.             )

**MEMORANDUM OPINION AND RECOMMENDATION OF MAGISTRATE JUDGE**

Plaintiff, a prisoner of the State of North Carolina,[2] seeks relief pursuant to 42 U.S.C. § 1983, claiming that Defendant was deliberately indifferent to his serious medical needs. Specifically, Plaintiff alleges that Defendant neglected his medical treatment and failed to provide orthopedic shoes as required for his foot condition.

The facts of the case are as follows. Between February 10, 2005 and January 12, 2006, while housed at Morrison Correctional Institution ("Morrison"), Plaintiff received medical care on at least fourteen different occasions relating to problems with his feet. During that time, he was evaluated and treated by Department of Correction, Division of Prisons ("DOC, DOP") Health Services

---

[1]By an order filed January 25, 2008, this Court dismissed this action without prejudice as to two additional named Defendants, Mr. Pagon and Mr. Rodney G. Ms. [Suzanne] Johnson is the sole remaining Defendant.

[2]The North Carolina Department of Correction's records indicate that Plaintiff was paroled on November 8, 2008 and has since absconded from parole supervision. However, he was an active prisoner at the time he filed this action.

staff, including nurses, a PA, and the unit physician. Plaintiff's medical records reveal that his primary diagnosis was hammertoes involving the small toes on both feet. Plaintiff subsequently developed corns and blisters as a result of this condition, and these problems were exacerbated by improperly-fitting, prison-issued shoes.

In response to Plaintiff's foot complaints, DOC, DOP medical personnel prescribed a variety of therapies, including paring of corns and topical skin treatments. The staff, including Defendant Suzanne Johnson, Morrison's Nurse Supervisor, also gave Plaintiff detailed instructions on how to pad his shoes with moleskin and have his standard shoes refitted.[3] Plaintiff was unsatisfied with these instructions, and repeatedly requested referrals to an orthopedist or podiatrist in order to obtain "special shoes." However, he was informed by multiple members of Morrison's medical staff that, due to the relatively minor nature of his condition, he did not meet the DOC's guidelines to qualify for prescription footwear.[4] Nevertheless, the unit physician, Dr. Dawkins, arranged for Plaintiff to be seen by a podiatrist on January 26, 2006. The podiatrist, like the DOC, DOP medical staff, denied Plaintiff's requests for orthopedic shoes. Plaintiff now claims that these repeated denials for prescription footwear demonstrate deliberate

---

[3]Defendant personally gave Plaintiff specific instructions on how to have his standard issue shoes refitted on April 12, 2005 and December 27, 2005.

[4]Notably, as nurse supervisor, Defendant also lacked the authority to order orthopedic shoes for Plaintiff in the event that he did qualify.

indifference to his serious medical needs and entitle him to relief under 42 U.S.C. § 1983.

## Summary Judgment Standards

When confronted with a motion for summary judgment by a defendant, a plaintiff must make a sufficient showing with respect to each essential element of his case for which he bears a burden at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). He may not rely on mere allegations in his pleadings, but must set forth specific facts within his personal knowledge. Kipps v. Ewell, 538 F.2d 564, 566 (4th Cir. 1976). This response must be based on more than mere allegations of error or the falsity of Defendant's affidavits. Bloodgood v. Garraghty, 783 F.2d 470, 475 (4th Cir. 1986). Plaintiff must show that there are issues of genuine material fact and he must produce evidence to support his contentions. A mere scintilla of evidence is not sufficient. Rather, there must be enough evidence for a jury to render a verdict in his favor. Sibley v. Lutheran Hosp. of Maryland, Inc., 871 F.2d 479, 483 (4th Cir. 1989).

## Discussion

In order for Plaintiff to succeed on his claim alleging a lack of medical care, he must show that Defendant was deliberately indifferent to a serious medical need. Mere negligence or malpractice is not enough. Estelle v. Gamble, 429 U.S. 97, 106 (1976). To meet this standard, Plaintiff must show that the treatment was grossly incompetent or inadequate to the extent that it shocks the conscience and seems fundamentally unfair. Miltier

v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Deliberate indifference is manifested by actual intent or reckless disregard of substantial risks of danger. Id. Such indifference is akin to criminal law recklessness--not mere disregard of a great risk, but a conscious disregard constituting a gross deviation from the standard of care. Id. at 105; Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions § 17.01 (2008).

In evaluating a medical care case, the Court may rely on medical records to assess whether an evidentiary hearing is required, Blanks v. Cunningham, 409 F.2d 220, 221 (4th Cir. 1969), and to determine whether the injury is in fact serious, West v. Keve, 571 F.2d 158, 162 (3d Cir. 1978). Intake examinations, complaints made, treatment given and its timeliness, physicians' evaluations, and subsequent evaluations also constitute relevant evidence in disputes involving medical care. Gray v. Farley, 13 F.3d 142, 146 (4th Cir. 1993). In addition, the Court may rely on the affidavits of medical personnel and the medical records to determine whether Defendant's efforts were reasonable. Bennett v. Reed, 534 F. Supp. 83, 86 (E.D.N.C. 1981), aff'd without opinion, 676 F.2d 690 (4th Cir. 1982). When the affidavits show that Plaintiff was under constant medical supervision, he likely is not entitled to relief since medical judgments are not normally subject to review. Russell v. Sheffer, 528 F.2d 318, 318 (4th Cir. 1975).

Here, Defendant's argument in favor of summary judgment is that Plaintiff's allegations are not sufficient to show that she was deliberately indifferent to Plaintiff's medical needs and that,

-4-

even if they were, Plaintiff suffered no substantial injury as a result. Specifically, Defendant argues that, as a nurse supervisor, she did not have the authority to request the orthopedic shoes Plaintiff claims he required. According to DOC policy, an orthopedic physician or podiatrist must determine whether prescription footwear is appropriate, and in Plaintiff's case, a foot specialist ultimately determined that Plaintiff's condition did not require such footwear. Defendant's only interaction with Plaintiff consisted of evaluating his feet and instructing him on at least two occasions as to the correct padding and fitting of his standard-issue shoes. Plaintiff simply has not shown that, in doing so, Defendant knew of and consciously disregarded an excessive risk to his health or safety.

In fact, the evidence clearly shows that Plaintiff received appropriate medical care, comprised of consistent treatment by various DOC, DOP medical staff, at least once monthly for approximately a year. Most notably, his complaint is not with Defendant's, nor any other medical provider's, failure to treat him, but rather Defendant's failure to provide the exact treatment he demanded. This approach eviscerates Plaintiff's constitutional claim. While a prisoner does have a constitutional right to medical care, he has no right to the specific type of care he desires. Stokes v. Hurdle, 393 F. Supp. 757, 763 (D. Md. 1975). The federal courts have long held that mere disagreement with the judgment of medical professionals, as here, is not sufficient to state a claim under Section 1983. Wright v. Collins, 766 F.2d 841,

849 (4th Cir. 1985); Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993); Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir. 1993). "Even if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes, 393 F. Supp. at 762. In the instant case, Plaintiff provides no evidence suggesting that he was in any way intentionally mistreated by Defendant.[5] Absent such evidence, his claim cannot succeed.

**IT IS THEREFORE RECOMMENDED** that Defendant's motion for summary judgment (docket no. 23) be granted and that Judgment be entered dismissing this action.

                                            /s/ Donald P. Dietrich
                                            **Donald P. Dietrich**
                                        **United States Magistrate Judge**
May 11, 2009

---

[5] In fact, Plaintiff has not filed a response to Defendant's motion, despite receiving a substantial extension of time to do so.